RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

CHARLES J. BUTLER
BORIS BOURGET
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-514-6062 (v-Butler)
202-307-2182 (v-Bourget)
202-307-0054 (f)
Charles.J.Butler@usdoj.gov

Of Counsel:
BILLY J. WILLIAMS
U.S. Attorney, District of Oregon

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 3:19-cv-1497 |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| MARGARETA B. TONISSON, | ) |
| Defendant. | ) |

Plaintiff United States of America alleges as follows:

1. The United States brings this action to reduce to judgment civil penalty assessments against Margareta Tonisson, pursuant to 31 U.S.C. § 5321(a)(5). These penalties, commonly known as "FBAR penalties," arise from Ms. Tonisson's failure to timely report her

United States' Complaint                 1

financial interest in, or signatory authority over, foreign bank accounts for the 2011, 2012, and 2013 calendar years, as required under 31 U.S.C. § 5314 and related regulations.

2. The IRS Chief Counsel, a delegate of the Secretary of the Treasury, has authorized this action, which the United States brings at the direction of a delegate of the Attorney General, pursuant to 31 U.S.C. § 3711(g)(4)(C).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355.

4. Venue properly lies in the District of Oregon under 28 U.S.C. §§ 1391(b)(1) and 1395(a) because the Defendant resides within this judicial district and because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## THE DEFENDANT

5. Defendant Margareta B. Tonisson resides in Multnomah County, Oregon, and was a resident of the United States during the calendar years at issue.

## FOREIGN BANK OR FINANCIAL ACCOUNT REPORTING REQUIREMENTS

6. Federal law requires every resident or citizen of the United States who has a financial interest in, or signatory or other authority over, a bank, securities, or other financial account in a foreign country to report that relationship to the Department of Treasury for each year in which the relationship exists. *See* 31 U.S.C. § 5314(a); 31 C.F.R. § 1010.350(a).

7. To fulfill this requirement, such a U.S. resident or citizen must file with the IRS a "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." To report information for all years through 2012, the proper FBAR form was Form TD F 90-22.1. To report information for 2013 and subsequent years, the proper FBAR form is FinCEN Form 114.

United States' Complaint                             2

8. For each of the calendar years at issue in this action, an FBAR was due no later than June 30 of the subsequent calendar year with respect to foreign financial accounts with an aggregate balance exceeding $10,000. *See* 31 C.F.R. § 1010.306(c).

9. Any United States resident or citizen who fails to comply with the FBAR reporting requirements may be subject to a civil penalty. For violations involving the non-willful failure to report an interest in a foreign account, the maximum civil penalty that the Department of Treasury may impose for each violation is $10,000. *See* 31 U.S.C. § 5321(a)(5).

10. Beginning in 2009, the IRS developed voluntary disclosure programs for taxpayers with undisclosed income from foreign financial accounts. The programs involve, among other things, paying taxes, interest, and penalties, and they generally eliminate the risk of criminal prosecution. The Offshore Voluntary Disclosure Initiative (OVDI) is one such program.

**MS. TONISSON'S VIOLATIONS OF FBAR REPORTING REQUIREMENTS**

11. Margareta Tonisson is a permanent U.S. resident. She has a history of failing to file FBARs since 2003, despite having interests in foreign bank accounts with annual aggregate balances exceeding $10,000. On December 8, 2010, Ms. Tonisson, jointly with her husband, submitted an application to enter the IRS's OVDI program with respect to years going back to 2003. In that application, Ms. Tonisson acknowledged that (1) she had bank accounts at six different foreign banks; (2) the highest aggregate annual balance for these accounts was between $100,000 and $1 million; (3) these foreign accounts generated income that Ms. Tonisson did not report on tax returns; and (4) the source of the funds in these foreign accounts was an inheritance from her husband's mother.

12. On May 13, 2011, the IRS sent Ms. Tonisson a letter explaining that, to participate in the OVDI program, Ms. Tonisson needed to provide documentation for the tax years covered by the voluntary disclosure. The letter requested delinquent or amended returns reporting income from any foreign bank accounts, Treasury Forms TD F 09.22-1, copies of bank statements for any foreign accounts, and other relevant documents. On August 6, 2012, and March 27, 2013, the IRS again sent Ms. Tonisson letters requesting the same information, which she had not provided.

13. On May 6, 2013, the IRS sent Ms. Tonisson a fourth letter requesting the same information. On May 20, 2013, Ms. Tonisson responded, through a power of attorney, providing copies of tax returns for 2003, 2008, and 2010 and a copy of an FBAR form for 2010. In addition, Ms. Tonnison claimed that she did not have to file tax returns for the 2004 through 2007 years.

14. Based on its examination of Ms. Tonisson's foreign accounts, the IRS reached a different conclusion. The IRS determined that income earned from Ms. Tonisson's foreign accounts alone was sufficient to require that she file tax returns for the 2004 through 2007 years. Moreover, Ms. Tonisson did not provide reasons for failing to file FBAR forms for 2003 through 2008. In addition, Ms. Tonisson did not provide reasons for failing to file FBAR forms for 2009, 2012, and 2013; for failing to file a timely FBAR form for 2010; and for filing an incomplete FBAR form for 2011.

15. The IRS prepared a closing report for Ms. Tonisson's case, with which Ms. Tonisson disagreed. Ms. Tonisson then opted out of the OVDI program.

United States' Complaint                                4

16.     During calendar years 2011 through 2013 – the years at issue in this case – Ms. Tonisson still had at least seven bank accounts at various banks in Europe. The aggregate balance of these foreign accounts exceeded $10,000 during each of these years.

## 2011

17.     In 2011, Ms. Tonisson had interests in the following foreign accounts:

    a.  BNP Paribas, France (account ending in 16-42)

    b.  Swed Bank, Sweden (account ending in 145-4)

    c.  SEB, Sweden (account ending in 26-19)

    d.  SEB, Sweden (account ending in 51-87)

    e.  Nordea, Denmark (account ending in 510-2)

    f.  Handelsbank, Sweden (account ending in 0-018)

    g.  Handelsbank, Sweden (account ending in 4-358)

18.     The aggregate balance of the foreign accounts listed in Paragraph 17 exceeded $10,000 in U.S. currency at some point during 2011.

19.     Ms. Tonisson filed an FBAR, though untimely, for 2011. On that FBAR, however, she failed to report her interest in the Handelsbank account ending in 4-358. Ms. Tonisson otherwise failed to disclose that interest by the applicable deadline.

20.     Ms. Tonisson's failure to report her interest in the Handelsbank account ending in 4-358, in a year for which she was required to file an FBAR, constitutes a violation of the FBAR filing requirements.

## 2012

21.     In 2012, Ms. Tonisson had an interest in the following foreign accounts:

    a.  BNP Paribas, France (account number ending in 16-42)

United States' Complaint                5

      b. Swed Ban, Sweden (account number ending in 145-4)

      c. SEB, Sweden (accounting number ending in 26-19)

      d. Handelsbank, Sweden (account number ending in 0-018)

      e. Handelsbank, Sweden (account number ending in 4-358)

      f. Nordea, Denmark (account number ending in 510-2)

22. The aggregate balance of the foreign accounts in listed Paragraph 21 exceeded $10,000 in U.S. currency at some point during 2012.

23. Ms. Tonisson did not file an FBAR or otherwise disclose her interests in the foreign accounts listed in Paragraph 21 by the applicable deadline.

24. Each instance of Ms. Tonisson's failure to report her interest in each of the foreign financial accounts listed in Paragraph 21, in a year for which she was required to file an FBAR, constitutes a separate violation of the FBAR filing requirements.

## 2013

25. In 2013, Ms. Tonisson had an interest in the following foreign accounts:

      a. BNP Paribas, France (account number ending in 16-42)

      b. Handelsbank, Sweden (account number ending in 0-018)

      c. Handelsbank, Sweden (account number ending in 26-19)

26. The aggregate balance of the foreign accounts listed in Paragraph 25 exceeded $10,000 in U.S. currency at some point during 2013.

27. Ms. Tonisson did not file an FBAR or otherwise disclose her interests in the foreign accounts listed in Paragraph 25 by the applicable deadline.

28. Each instance of Ms. Tonisson's failure to report her interest in each of the foreign financial accounts listed in Paragraph 25, in a year for which she was required to file an FBAR, constitutes a separate violation of the FBAR filing requirements.

## CLAIM FOR RELIEF – REDUCE FBAR PENALTIES TO JUDGMENT

29. The United States incorporates by reference Paragraphs 1 through 28.

30. On September 28, 2017, the IRS timely assessed a civil FBAR penalty of $10,000 against Ms. Tonisson for failing to report her interest in the Handelsbank account ending in 4-358 for calendar year 2011.

31. On May 3, 2018, the IRS timely assessed civil FBAR penalties against Ms. Tonisson of $10,000 per account for failing to report her interests in each of the foreign bank accounts listed in Paragraph 21, for a total of $60,000 in FBAR penalties for calendar year 2012.

32. Also on May 3, 2018, the IRS timely assessed civil FBAR penalties of $10,000 per account for failing to report her interests in two of the foreign bank accounts listed in Paragraph 25, for a total of $20,000 in FBAR penalties for calendar year 2013.

33. The IRS made the assessments stated in Paragraphs 30 through 32 pursuant to 31 U.S.C. § 5321(a)(5)(B), which imposes a penalty not to exceed $10,000 for each non-willful violation of the FBAR filings requirements in 31 U.S.C. § 5314.

34. On September 28, 2017, the IRS provided Ms. Tonisson notice, and demanded payment, of the FBAR penalty for 2011.

35. On May 18, 2018, the IRS provided Ms. Tonisson notice, and demanded payment, of the FBAR penalties for 2012 and 2013.

36. Despite receiving notice and demand for payment, Ms. Tonisson has not paid the outstanding FBAR penalties described in Paragraphs 30 through 32.

37. Pursuant to 31 U.S.C. § 3717(a)(1), the United States is entitled to recover prejudgment interest that has accrued on Ms. Tonisson's unpaid FBAR penalties.

38. Pursuant to 31 U.S.C. § 3717(e)(2), the United States is entitled to recover a penalty for Ms. Tonisson's failure to pay a lawful debt owed the United States.

39. Pursuant to 31 U.S.C. § 3717(e)(1), the United States is entitled to recover the cost of processing and handling Ms. Tonisson's unpaid FBAR penalties.

40. Ms. Tonnisson is thus liable to the United States for $90,000 in FBAR penalties for 2011 through 2013, plus $8,078.78 in interest, failure to pay penalties, and costs of collection, pursuant to 31 U.S.C. § 3717, as of September 26, 2018.

41. The United States is entitled to recover $98,078.78, as of September 26, 2018, plus interest, penalties, and costs accruing from that date.

WHEREFORE, the United States respectfully requests that the Court:

A. Enter judgment in favor of the United States and against Defendant Margareta Tonisson in the amount of $98,078.78, as of September 26, 2018, plus interest, penalties, and costs accruing from that date; and

B. Award the United States its costs in this action and any other relief the Court finds appropriate.

Dated: September 17, 2019

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

<u>/s/ Charles J. Butler</u>
CHARLES J. BUTLER
BORIS BOURGET
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-514-6062 (v-Butler)
202-307-2182 (v-Bourget)
202-307-0054 (f)
Charles.J.Butler@usdoj.gov

Of Counsel:
BILLY J. WILLIAMS
U.S. Attorney, District of Oregon

*Attorneys for United States of America*

JS 44  (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
         THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government      ☐ 3  Federal Question
     Plaintiff                  *(U.S. Government Not a Party)*

☐ 2  U.S. Government      ☐ 4  Diversity
     Defendant                  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

JS 44 Reverse  (Rev. 02/19)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: [Nature of Suit Code Descriptions](#).

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.  **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |  |
|---|---|---|
| *Plaintiff(s)* | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |
| v. |  |  |
| *Defendant(s)* |  |  |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____            _____
                                                                  *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: